Allen Keith STEWART Appellant

v.

KIAH CREEK MINING; Richard H. Campbell, Jr., Administrative Law Judge; and Workers' Compensation Board Appellees

No. 2000–SC–0764–WC.

Supreme Court of Kentucky.

April 26, 2001.

Robert J. Greene, Kelsey E. Friend Law Firm, Pikeville, Counsel for Appellant.

Terri Smith Walters, Jones & Walters, PLLC, Pikeville, Counsel for Appellee Kiah Creek Mining.

## OPINION OF THE COURT

The question presented by this workers' compensation appeal concerns the method for calculating the weekly benefit of a partially disabled worker who does not retain the physical capacity to return to the type of work that he performed at the time of the injury. KRS 342.730(1)(b), (c), and (d). The claimant asserts that KRS 342.730(1)(d) authorizes use of the weekly wage rate for total disability rather than the rate for partial disability. The Workers' Compensation Board (Board) and the Court of Appeals have determined, however, that the plain language of the provision does not affect the method for calculating the amount of the benefit but limits the benefit to a maximum of the weekly benefit for total disability.

An Administrative Law Judge (ALJ) determined that the claimant's work-related impairment was 15%, that he was unable to return to the type of work that he was performing when he was injured, and that he was entitled to vocational rehabilitation. His pre-injury average weekly wage exceeded the state's average weekly wage. Based upon the date of injury, the ALJ applied the December 12, 1996, version of KRS 342.730(1)(b), (c), and (d) to calculate the amount of the weekly benefit.

KRS 342.730(1) sets forth formulae for calculating awards for total and partial disability. The applicable subsections provide, in pertinent part, as follows:

(b) For permanent partial disability, sixty-six and two-thirds percent (66–2/3%) of the employee's average weekly wage but not more than seventy-five percent (75%) of the state average weekly wage as determined by KRS 342.740, multiplied by the permanent impairment rating caused by the injury or occupational disease as determined by "Guides to the Evaluation of Permanent Impairment," American Medical Association, latest edition available, times the factor set forth in the table that follows:

| AMA Impairment | Factor |
| --- | --- |
| 0 to 5% | 0.75 |
| 6 to 10% | 1.00 |
| 11 to 15% | 1.25 |
| 16 to 20% | 1.50 |
| 21 to 25% | 1.75 |
| 26 to 30% | 2.00 |
| 31 to 35% | 2.25 |
| 36% and above | 2.50 |

. . . .

(c) 1. If, due to an injury, an employee does not retain the physical capacity to return to the type of work that the employee performed at the time of injury, the benefit for permanent partial disability shall be one and one-half (1–1/2) times the amount otherwise determined under paragraph (b) of this subsection, but this provision shall not be construed so as to extend the duration of payments.

. . . .

(d) For permanent partial disability, if an employee has a permanent disability rating of fifty percent (50%) or less as a result of a work-related injury, the compensable permanent partial disability period shall be four hundred twenty-five (425) weeks, and if the permanent disability rating is greater than fifty percent (50%), the compensable permanent partial disability period shall be five hundred twenty (520) weeks from the date the impairment or disability exceeding fifty percent (50%) arises. Benefits payable for permanent partial disability shall not exceed ninety-nine percent (99%) of sixty-six and two-thirds percent (66–2/3%) of the employee's average weekly wage as determined under KRS 342.740 and shall not exceed seventy-five percent (75%) of the state average weekly wage, except for benefits payable pursuant to paragraph (c)1. of this subsection, which shall not exceed one hundred percent (100%) of the state average weekly wage, nor shall benefits for permanent partial disability be payable for a period exceeding five hundred twenty (520) weeks, notwithstanding that multiplication of impairment times the factor set forth in paragraph (b) of this subsection would yield a greater percentage of disability.

Also relevant is KRS 342.0011(36), which defines the term "permanent disability rating" as being the product of the AMA impairment and the factor set forth in KRS 342.730(1)(b).

In calculating the claimant's benefit, the ALJ multiplied the AMA impairment by the statutory factor [KRS 342.730(1)(b) ], multiplied the product by 1.5 [KRS 342.730(1)(c)1], and multiplied that product by 100% of the state's average weekly wage [KRS 342.730(1)(d) ] to calculate the weekly income benefit as follows: $15\% \times 1.25 \times 1.5 \times \$447.03 = \$125.73$.

The employer asserted on appeal that the ALJ had misconstrued KRS 342.730(1)(d) and, therefore, had miscalculated the benefit. It maintained that the function of KRS 342.730(1)(d) was to limit the maximum benefit for partial disability to 100% of the state's average weekly wage but that the ALJ had misconstrued the provision as basing the calculation of the benefit upon 100% of the state's average weekly wage. In an opinion rendered on July 30, 1999, the Board affirmed the decision.

On August 11, 1999, before a petition for review had been filed in the Court of Appeals and before the time for doing so had expired, the Board withdrew its opinion. The claimant filed a petition for reconsideration and motion to set aside the order withdrawing the opinion; whereupon, the employer filed a protective petition for review in the Court of Appeals and a motion to abate the matter. After hearing oral argument, the Board overruled the petition for reconsideration on September 3, 1999, and rendered a new opinion in which it concluded that the plain language of the statutes supported the employer's position

and that the ALJ's decision must be reversed. The claimant appealed.

■ Agreeing that the Board retained authority over its opinion until a petition for review was filed or the time for filing such a petition had expired, the Court of Appeals affirmed on the threshold issue, dismissed the employer's petition for review, and affirmed the Board's second opinion. In appealing to this Court, the claimant maintains only that KRS 342.730(1)(d) entitles him to have his benefit calculated at 100% of the state's average weekly wage, the rate for total disability.

■ We begin by considering the meaning of each subsection of KRS 342.730(1). KRS 342.730(1)(a) provides a benefit for total disability that equals 66 2/3% of the worker's average weekly wage, up to a maximum of the state's average weekly wage. In other words, well-paid workers are limited to a benefit of no more than 100% of the state's average weekly wage if they become totally disabled.

When read together, KRS 342.0011(36) and KRS 342.730(1)(b) provide that the benefit for permanent, partial disability is calculated by multiplying 66 2/3% of the worker's average weekly wage (up to a maximum of 75% of the state's average weekly wage) by the disability rating (AMA impairment multiplied by the factor). It is apparent that when multiplied by the applicable factor, AMA impairments of 26% or more result in a disability rating of more than 50%, a figure that becomes significant when determining the duration of the award. It is also apparent that when AMA impairments of 40% or more are multiplied by the applicable factor of 2.50, they result in a disability rating that equals or exceeds 100% and also result in a benefit for partial disability that equals or exceeds 75% of the state's average weekly

wage. This becomes significant under subsection (1)(d).

KRS 342.730(1)(c)1 indicates that the benefit determined under KRS 342.730(1)(b) is to be multiplied by 1.5 if the partially disabled worker does not retain the physical capacity to return to the type of work he performed at the time of the injury. In other words, the weekly benefit for such workers is enhanced by 50%. It is apparent, however, that applying the 1.5 multiplier to the benefit for an AMA impairment greater than 30% or a disability rating greater than 66.67% results in an enhanced benefit for partial disability that exceeds 100% of the state's average weekly wage, the maximum benefit for total disability. This becomes significant under subsection (1)(d).

We find nothing in the plain language of KRS 342.730(1)(d) that is unclear and, therefore, subject to interpretation. It contains three separate provisions, all of which affect partial disability awards. First, it sets the duration of the awards: 425 weeks for a disability rating of 50% or less and 520 weeks for a disability rating of more than 50%. Second, it limits the maximum benefit for partial disability to 99% of 66 2/3% of the worker's average weekly wage and also limits it to 75% of the state's average weekly wage unless KRS 342.730(1)(c)1 applies, in which case the benefit is limited to 100% of the state's average weekly wage. Third, it limits the maximum duration of partial disability benefits to 520 weeks even if the disability rating which is calculated in KRS 342.730(1)(b) yields a percentage that is greater than partial.

■ Based upon the plain language of KRS 342.730(1), we conclude that the proper method for calculating the award of a partially disabled worker who is unable to return to the type of work he performed when injured is as follows:

1. Calculate the benefit for partial disability as directed by KRS 342.730(1)(b):

   a.) Calculate the permanent disability rating by multiplying the AMA impairment by the applicable factor from the table in KRS 342.730(1)(b).

   b.) Multiply the disability rating by 66 2/3% of the worker's average weekly wage or 75% of the state's average weekly wage, whichever is less.

2. Multiply the benefit for partial disability by 1.5 as directed by KRS 342.730(1)(c)1.

3. Apply KRS 342.730(1)(d):

   a.) Determine the duration of the benefit based upon the permanent disability rating obtained in step 1a.

   b.) Limit the benefit to a maximum of 99% of 66 2/3% of the worker's average weekly wage and 100% of the state's average weekly wage because KRS 342.730(1)(c)1 applies.

   c.) The duration of the benefit may not exceed 520 weeks even if the permanent disability rating equals or exceeds 100%.

Applying this formula, the claimant's benefit is calculated as follows: $15\% \times 1.25 \times \$335.27 \times 1.5 = \$94.29$. It is payable for 425 weeks, and it exceeds neither 99% of 66 2/3% of the claimant's average weekly wage nor 100% of the state's average weekly wage.

The decision of the Court of Appeals is affirmed, and this matter is remanded to the ALJ for the entry of a proper award.

All concur.